## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| BUSINESS SERVICES OF AMERICA, II., INC. | No.  47316-0-II |
| Appellant, | |
| v. | |
| WAFERTECH, LLC, | UNPUBLISHED OPINION |
| Respondent. | |

SUTTON, J. — Business Services of America, II., Inc. (BSofA) appeals the trial court's order on remand[1] and the order awarding sanctions.[2]  This appeal arises after this court remanded the matter to the trial court "to determine BSofA's legal status and BSofA's ability to pursue its appeal against WaferTech." *Bus. Servs. of Am. II, Inc. v. WaferTech, LLC*, noted at 184 Wn. App. 1013, slip op. at \*7 (2014).  On remand, the trial court entered findings of fact and conclusions of law that BSofA "is a non-existent entity with no cognizable legal existence" and "does not have the capacity to sue or be sued."  Clerk's Papers (CP) at 767.  The trial court also ordered BSofA to pay $300 in sanctions to WaferTech because BSofA had served an incorrect motion.  Both BSofA and WaferTech request reasonable attorney fees and costs on appeal.

---

[1] Findings of Fact, Conclusions of Law, and Order of Dismissal with Prejudice, filed February 20, 2015.

[2] Order Granting Plaintiff's Motion to Admit Exhibits, filed July 24, 2015.

We hold that the trial court's findings of fact support the conclusions of law that BSofA is a non-existent entity with no cognizable legal existence and that it does not have the capacity to sue or be sued. We affirm the trial court's order on remand and affirm the trial court's order awarding $300 in sanctions to WaferTech. We decline to award either party its reasonable attorney fees and costs on appeal.

FACTS

BSofA, as the assignee of a subcontractor, sued WaferTech in a lien foreclosure action because WaferTech wrongfully terminated the subcontractor.[3] In August 2013, the trial court granted summary judgment to WaferTech in BSofA's lien foreclosure action. The trial court also denied BSofA's CR 60(a) motion to correct an alleged error in its corporate name.[4] BSofA appealed. *Bus. Servs. of Am.*, 184 Wn. App. 1013. This court affirmed the trial court's denial of BSofA's CR 60(a) motion, but held that the record before it did not provide the information needed to determine whether BSofA had any legal existence sufficient to allow it to pursue its appeal of the trial court's summary judgment order. "[W]e must remand for the trial court to determine BSofA's legal status and BSofA's ability to pursue its appeal against WaferTech." *Bus. Servs. of Am.*, slip op. at *7.

---

[3] The parties have been involved in protracted litigation in a number of other proceedings that are not relevant to the issues on appeal here.

[4] BSofA alleged that the corporate name on court documents was incorrect and moved to change it from "Business Services *of* America II, Inc." to "Business Services America II, Inc." CP at 669 (emphasis added). To avoid confusion, we refer to "Business Services America II, Inc." as BSA II.

On remand, BSofA filed a motion to show cause as to why the trial court should not enter findings that "WaferTech has known since 2001 that the plaintiff in the action is BSA II and that [BSofA] is a misnomer for BSA II." CP at 725. The trial court clarified the scope of the show cause hearing and stated that "the Court of Appeals' mandate specifically wants this Court to address what, if any, is the status of the named plaintiff in this proceeding and that will be the limited inquiry of the Court [at the show cause hearing]."[5] Verbatim Report of Proceedings (VRP) (Feb 19, 2015) at 15. The trial court ordered BSofA to appear and present evidence as to BSofA's legal existence. At the hearing, BSofA's counsel stated that "[he did not] have any evidence that [BSofA] exist[ed]." VRP (February 20, 215) at 6.

At the conclusion of the hearing, the trial court entered findings of fact that BSofA had never been registered as a corporation, partnership, sole proprietorship, or limited liability company, and does not have any other legal status whether by operation of law or otherwise in any state or territory of the United States of America, including the District of Columbia, or in any foreign jurisdiction. Based on its findings of fact, the trial court concluded that "as a matter of law, [BSofA] is a non-existent entity with no cognizable legal existence," and that "[b]ecause it lacks legal existence, [BSofA], does not have the capacity to sue or be sued." CP at 767. BSofA appealed.

---

[5] This court's mandate is binding on the lower court and must be strictly followed. *Bank of Am., N.A. v. Owens*, 177 Wn. App. 181, 189, 311 P.3d 594 (2013).

On appeal, BSofA filed a motion under RAP 7.3,[6] to correct the misnomer of "Business Services of America II, Inc." to "Business Services America II, Inc." in the caption.[7] A commissioner of this court denied the motion, ruling, "Appellant's motion to correct misnomer is denied. The identity of the appellant is the legal issue in dispute, not simply a misnomer." Ruling by Commissioner dated June 18, 2015. When BSofA moved below to supplement the record, it served an incorrect motion on WaferTech. The trial court ordered BSofA to pay WaferTech $300 in sanctions because of BSofA's incorrectly served motion. BSofA also appeals the sanction award.

## ANALYSIS

### I. BSofA's Legal Status

BSofA assigns[8] error to the trial court's findings of fact and conclusions of law regarding its status as a legal entity. We hold that substantial evidence supports the trial court's findings and the trial court's findings support the conclusions.

We review a trial court's findings of fact to determine if substantial evidence supports the findings and whether the findings support the conclusions of law. *Scott's Excavating Vancouver,*

---

[6] RAP 7.3 provides that "[t]he appellate court has the authority . . . to perform all acts necessary or appropriate to secure the fair and orderly review of a case."

[7] Appellant's Motion Under RAP 7.1 to Correction Misnomer, filed May 17, 2015

[8] BSofA argues many issues that are not before us on appeal, including arguments related to the August 15, 2013 orders granting summary judgment and an award of attorney fees to WaferTech. Those issues were the subject of BSofA's September 2013 appeal to this court. This court declined to reach those issues on the merits because this court remanded the case to the trial court to determine the legal existence status of BSofA and its ability to pursue an appeal. *Bus. Servs. of Am.*, slip op. at *1. Our review here is limited to the trial court's order on remand and order awarding sanctions.

*LLC v. Winlock Properties, LLC*, 176 Wn. App. 335, 341, 308 P.3d 791 (2013). Substantial evidence is "'a quantum of evidence sufficient to persuade a rational[,] fair-minded person the premise is true." *Winlock Properties*, 176 Wn. App. at 341-42 (internal quotations omitted, alteration in original) (quoting *Korst v. McMahon*, 136 Wn. App. 202, 206, 148 P.3d 1081 (2006)). We view reasonable inferences in the light most favorable to the prevailing party and defer to the trial court on issues of conflicting evidence, witness credibility, and persuasiveness of the evidence. *Winlock Properties*, 176 Wn. App. at 342. The party challenging a finding of fact bears the burden of showing that the record does not support it. *Winlock Properties*, 176 Wn. App. at 342. Unchallenged findings are verities on appeal. *Jensen v. Lake Jane Estates*, 165 Wn. App. 100, 105, 267 P.3d 435, (2011). We review a trial court's conclusions of law de novo. *Winlock Properties*, 176 Wn. App. at 342.

On remand, BSofA conceded that it cannot demonstrate that BSofA was a legal entity when it stated that "[BSofA does not] have any evidence regarding BSofA and [it] couldn't have any evidence." VRP (Feb. 20, 2015 at 5-6). Additionally, BSofA did not present any evidence that it was a valid corporation or entity in any jurisdiction. Therefore, substantial evidence supports the trial court's findings of fact. We hold that the trial court's findings of fact support the conclusions of law that "Business Services of America II, Inc. is a non-existent entity with no cognizable legal existence" and that it "does not have the capacity to sue or be sued." CP at 767. Accordingly, we affirm the trial court's findings of fact and conclusions of law.

II. ORDER AWARDING SANCTIONS TO WAFERTECH

BSofA argues that the trial court erred when it ordered BSofA to pay $300 in sanctions to WaferTech because BSofA had served an incorrect motion. BSofA makes the conclusory

statement that the trial court's award was "without any basis" but provides no citation to the record to support their argument.

We do not address issues that a party does not raise appropriately in their opening brief or that a party fails to discuss meaningfully with citations to authority. *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992); RAP 10.3(a)(6). BSofA elected not to provide a verbatim report of the hearing on the sanctions and, thus, the record of the trial court's decision is not before us. RAP 9.2(a).[9] Because BSofA fails to support its argument with citations to the record or authority, BSofA waives this argument under RAP 10.3(a)(6).[10] We affirm the trial court's order awarding $300 in sanctions to WaferTech.

## ATTORNEY FEES

Both BSofA and WaferTech request reasonable attorney fees and costs on appeal under RAP 18.1(a)[11] and RCW 60.04.081(4). We decline to award either party its attorney fees and costs on appeal.

RCW 60.04.081 provides that a trial court may award reasonable attorney fees and costs to the lien claimant if "the court determines that the lien is not frivolous and was made with reasonable cause, and is not clearly excessive" or to the party challenging the lien if "the lien is

---

[9] RAP 9.2(a) provides in relevant part, "If the party seeking review does not intend to provide a verbatim report of proceedings, a statement to that effect should be filed in lieu of a statement of arrangements within 30 days after the notice of appeal was filed or discretionary review was granted and served on all parties of record."

[10] We are not required to search the record to support a party's argument. *Bostwick v. Ballard Marine, Inc.*, 127 Wn. App. 762, 770, 112 P.3d 571 (2005).

[11] RAP 18.1(a) provides that we may award a party reasonable attorney fees and costs on appeal when applicable law grants to the party the right to recover them.

frivolous and made without reasonable cause, or clearly excessive." RCW 60.04.081(4). However, BSofA has no cognizable existence or capacity to sue or be sued, and thus, an award of attorney fees and costs is not appropriate. We exercise our discretion under RAP 18.1(a) and decline to award either party attorney fees and costs on appeal.

CONCLUSION

We hold that the trial court's findings of fact support the conclusions of law that BSofA is a non-existent entity with no cognizable legal existence and that it does not have the capacity to sue or be sued. We affirm the trial court's order on remand and affirm the trial court's order awarding $300 in sanctions to WaferTech. We decline to award either party attorney fees and costs on appeal.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
SUTTON, J.

We concur:

_____
JOHANSON, P.J.

_____
LEE, J.